**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-07663 MMM (RCx) | Date | March 6, 2009 |
| Title | *Alma Iris Ortiz v. Ocwen Loan Servicing, LLC et al* | | |

Present: The Honorable   MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Why Action Should Not Be Remanded For Lack Of Subject Matter Jurisdiction; Order Vacating Hearing on Defendant's Motion to Dismiss**

### I.  FACTUAL BACKGROUND

On October 9, 2008, plaintiff Alma Iris Ortiz filed a complaint in state court against defendants Ocwen Loan Servicing, LLC ("Ocwen"); First NLC Financial Services, LLC ("First NLC"); and MTG Finance, LLC ("MTG"), asserting claims for breach of oral contract, quiet title, and declaratory relief. On November 20, 2008, Ocwen removed the action to this court on the basis of diversity jurisdiction. Ortiz filed a first amended complaint on December 12, 2008, which Ocwen moved to dismiss on January 15, 2009.

The court advanced the briefing schedule on Ocwen's motion, requiring Ortiz to file her opposition no later than Friday, January 30, 2009.[1] Ortiz did not file opposition by this deadline. Instead, on March 2, 2009, she submitted two documents. The first is captioned "plaintiff's opposition to defendants' motion to dismiss"; the second is a "notice of ex parte application."[2] The documents are

---

[1] See Order Advancing Briefing Schedule, Docket No. 12 (Jan. 16, 2009).

[2] Neither of these documents were e-filed. Pursuant to General Order 08-02, this case is subject to electronic filing. Counsel **are required** to file all documents with the Clerk **electronically** in the CM/ECF system. Moreover, all attorneys admitted to practice in the Central District of California must sign up for and complete mandatory training for the CM/ECF system.   See http://support.cacd.uscourts.gov/HowToEnroll.aspx. Counsel are directed to complete this training no

substantively identical: Ortiz alleges that she "had a verbal agreement for loan modification with defendant Ocwen where the amount in controversy was less than $75,000.00."[3] Consequently, she contends, the court lacks subject matter jurisdiction, and the case must be remanded to state court.

The original complaint did not specify the amount in controversy, although Ortiz did check a box on the complaint form indicating that it exceeded $25,000. In its notice of removal, Ocwen represented that, because Ortiz seeks to quiet title to the real property located at 16903 Strathern Street, Van Nuys, CA 91406, and because she admits to having obtained a $325,000 mortgage loan related to the property from NLC, the amount in controversy requirement was satisfied.[4]

## II.  DISCUSSION

### A.     Legal Standard Governing Removals Premised Upon Diversity Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See, e.g., *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress. We look to federal law to determine whether the elements of removal jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal" (citations omitted)). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1446 (setting forth removal procedures generally); 1453 (setting forth removal procedures for class actions). Only those state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending . . ."); see also, e.g., *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant. Absent diversity of citizenship, federal-question jurisdiction is required" (footnotes omitted)); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977) ("[I]n the absence of a specific statutory exception, a federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over it as originally brought by the plaintiff" (citations omitted)).

---

later than **March 12, 2009**. In the future, any document that is not filed electronically in accordance with General Order 08-02 will not be considered.

[3]See Notice of Ex Parte Application and Ex Parte Application for Order Remanding Case to State Court ("Remand Appl.") at 3. Ortiz does not explain why the other defendants are named in this action if her claim is limited to an agreement with Ocwen.

[4]Notice of Removal, ¶ 9.

2

District courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806). See also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 & n.3 (1996). "[J]urisdiction founded on [diversity grounds] requires that . . . the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Importantly, "[d]iversity jurisdiction is determined *at the time the action commences*, and a federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level." *Hill v. Blind Indus. and Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) (emphasis added).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) and *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990) and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

### B.    Whether the Amount-in-Controversy Requirement is Met

As noted, Ortiz's complaint does not specify the amount in controversy; consequently, Ocwen bears the burden of proving, by a preponderance of the evidence, that the jurisdictional amount in controversy requirement is satisfied. See, e.g., *Matheson*, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought, as is true here with regard to Gaus's claim . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount"). In addition to the contents of the removal petition, the court considers "'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,'" such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citation omitted).

Ortiz's recent filings cast doubt on whether the amount in controversy requirement is satisfied. Accordingly, the court orders defendants to show cause on or before Friday, **March 13, 2009**, why the action should not be remanded to state court. Ortiz may file a responsive pleading on or before Friday, **March 20, 2009**. The court vacates the hearing on Ocwen's motion to dismiss, currently set for Monday, March 16, 2009. A new briefing schedule and hearing date will be set, if appropriate, once the jurisdictional issues addressed in this order have been resolved.